# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

DON EUGENE THOMAS                         :

    Plaintiff                                 :

v                                         :          Civil Action No. JFM-05-343

MELANIE C. PEREIRA, *et al.*              :

    Defendants                                :

. . .o0o. . .

## MEMORANDUM

    This civil rights action, filed February 1, 2005, alleges that Plaintiff was illegally incarcerated for approximately two days by Defendants. Paper No. 1. As relief, Plaintiff seeks monetary damages. *Id*. Now pending is a Motion to Dismiss or for Summary Judgment. Paper No. 5. Although he was advised of his right to file a response to the dispositive motion, and of the consequences of failing to file a response, Plaintiff has filed nothing further in this case. For the reasons set forth below, Defendants' Motion, construed as a Motion to Dismiss, shall be granted.

    **Background**

    Plaintiff was transferred to the Howard County Detention Center (HCDC) on July 15, 2004, while serving a sentence for armed robbery. Paper No. 5 at Ex. 1. On December 1, 2004, a detainer, consisting of an open arrest warrant for theft charges, was lodged against Plaintiff by the Howard County Police Department. Plaintiff was provided with a notice of the detainer, but did not request final disposition of the charges under the Intrastate Detainer Act. Md. St. Corr. Servs. Code Ann. §8-501 *et seq*.

    By letter dated October 25, 2004, Plaintiff sought a modification of the armed robbery

sentence he was currently serving. Paper No. 5 at Ex. 6. On January 31, 2005, Plaintiff's request for reduction of sentence was granted in open court and the remaining portion of his sentence was suspended. *Id*. at Ex. 7. An order for release from commitment was issued by the court and entered on the docket on February 1, 2005. *Id*.

Plaintiff was returned to HCDC on January 31, 2005, but was not released because a valid detainer for an open arrest warrant was still pending. On February 1, 2005, staff at HCDC notified the Howard County Police Department that Plaintiff could be picked up on the arrest warrant and, within a matter of hours, Plaintiff was served with the warrant and arrested. *Id*. at Ex. 11. Plaintiff appeared before a magistrate for bail review on February 2, 2005, where bond was posted and Plaintiff was released. *Id*. at Ex. 13.

**Standard of Review**

A court reviewing a complaint in light of a Rule 12(b)(6) motion accepts all well-pled allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997). Such a motion ought not to be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court, however, need not accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), or conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

**Analysis**

Based upon the undisputed facts, there is no basis for Plaintiff's claim that he was held by

2

Defendants without legal authority.  A detainer, such as the one lodged against Plaintiff, is a valid basis for his continued detention.  Although Plaintiff was ordered released on January 31, 2005, the staff at HCDC were not authorized to release Plaintiff because of the detainer lodged against him.  Far from permitting Plaintiff to languish in jail without cause, the staff at HCDC promptly notified the proper authorities regarding his release from commitment on his armed robbery sentence.  Their prompt actions permitted Plaintiff to proceed quickly to a bail review hearing on his new charges and to secure release on bail.

Accordingly, the Motion to Dismiss shall be granted by separate Order which follows.  Plaintiff is advised that dismissal of a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) is a dismissal for failure to state a claim upon which relief may granted and is included under the restrictions set forth in 28 U.S.C. §1915(g).  Under that statute, a prisoner litigant will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  The instant case is the first case filed by Plaintiff in this Court that has been dismissed for failure to state a claim.


June 15, 2005                                              /s/
Date                                                             J. Frederick Motz
                                                                    United States District Judge


3